# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO.: 5:10-CV-00073-TBR

**CHRISTOPHER LYNN HICKS, et al.**                                                    **PLAINTIFFS**

**v.**

**ALCORN ELECTRIC, et al.**                                                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiffs' Motion to Remand (DN 4). Defendants have filed a response (DN 5). This matter is now ripe for adjudication. For the following reasons, Plaintiffs' motion is DENIED.

## BACKGROUND

On March, 15, 2010, Plaintiffs commenced this action against Defendants alleging breach of contract and negligence in McCracken County Circuit Court. Plaintiffs alleged damages of $3,000,000.00 for breach of contract and $1,000,000.00 in damages for negligence, as well as punitive damages, attorney's fees and costs.

On April 16, 2010, Defendant Tri-State Water Treatment , Inc., removed this case to federal court. Removal was based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiffs have filed a Motion for Leave of Court to File and Amended Complaint in the McCracken County Circuit Court. Plaintiffs state their Amended Complaint lowers the amount of damages to $75,000.00. Plaintiffs now move this Court to remand the action.

## DISCUSSION

Plaintiffs seek remand based on the damages alleged in the Amended Complaint. Plaintiffs argue this Court lacks jurisdiction since the amount in controversy in the Amended Complaint does not exceed $75,000.00.

The burden to establish federal jurisdiction lies with the party seeking removal. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996); *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 948-49 (6th Cir. 1994). Here, Defendants assert federal diversity jurisdiction which requires both complete diversity between the parties and an amount in controversy exceeding $75,000.00. 28 U.S.C. § 1332. There is no dispute regarding the diversity of the parties; however, Plaintiffs allege the amount in controversy in the Amended Complaint does not exceed $75,000.00.

The case law makes clear the determination of federal jurisdiction is made at the time of removal. For example, the Sixth Circuit has held that "[w]hen ruling on a motion to remand, a court generally looks to the plaintiff's complaint, as it is stated at the time of removal, and the defendant's notice of removal." *Gentek Bldg Products, Inc. v. Steel Peel Litigation Trust*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Miller v. Grgurich*, 763 F.2d 372 (9th Cir.1985)); *see also Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996) (explaining "[w]e look to the complaint at the time of removal" (internal citation omitted)). Here, the record reflects that at the time of removal there was both complete diversity between the parties and an amount in controversy exceeding $75,000.00. Therefore, remand on the basis of lack of diversity jurisdiction is improper.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED Plaintiff's Motion is DENIED.